```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

| | | |
|---|---|---|
| BIG STAR DEVELOPMENTS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:17-CV-3 |
| | ) | |
| TOWN OF HIGHLAND INDIANA; | ) | |
| BERNIE ZEMEN, in his | ) | |
| capacity as President of the | ) | |
| Town of Highland Town | ) | |
| Council; DAN VASSAR, in his | ) | |
| capacity as President of the | ) | |
| Town of Highland Town | ) | |
| Council; MARK HERAK, in his | ) | |
| capacity as President of the | ) | |
| Town of Highland Town | ) | |
| Council; STEVE WAGNER, in | ) | |
| his capacity as Member of | ) | |
| the Town of Highland Town | ) | |
| Council; KONNIE KUIPER, in | ) | |
| his capacity as Member of | ) | |
| the Town of Highland Town | ) | |
| Council; and TOWN OF | ) | |
| HIGHLAND BOARD OF ZONING | | |
| APPEALS, | | |
| | | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Extension of Time in which to File the Record (DE #11), filed by Plaintiff Big Star Developments, LLC ("Big Star") on January 25, 2017; Defendants' Partial Motion to Dismiss (DE #17), filed by Defendants

Town of Highland, Indiana, Bernie Zemen, Dan Vassar, Mark Herak, Steve Wagner, Konnie Kuiper, and Town of Highland Board of Zoning Appeals (together, "Defendants") on February 8, 2017; Defendants' Motion to Dismiss Count II of Plaintiffs' Verified Petition for Judicial Review/Declaratory Judgment and Complaint for Lack of Subject Matter Jurisdiction (DE #19), filed on February 8, 2017; and Defendants' Motion to Strike Plaintiff's Notice of Filing (DE #29), filed on April 6, 2017.  For the reasons set forth below, Plaintiffs' motion for extension of time (DE #11) and Defendants' partial motion to dismiss (DE #17) are **DENIED AS MOOT**, Defendants' motion to dismiss Count II (DE #19) is **GRANTED**, and Defendants' motion to strike (DE #29) is **DENIED AS MOOT.**  Count II is **DISMISSED WITHOUT PREJUDICE.**  The Clerk is directed to **REMAND** this case to Lake Superior Court for further proceedings.

BACKGROUND

In December 2016, Big Star filed a Verified Petition for Judicial Review/Declaratory Judgment and Complaint ("Complaint") in Lake Superior Court seeking judicial review of a zoning decision allegedly made by Defendants.  (DE #4 ("Compl.").)  The Complaint alleges that in 2015 and 2016, Big Star met with officials of defendant Town of Highland, Indiana ("Town") regarding a potential rezoning of certain property located in Highland ("Property") to develop it as a storage facility.  (*Id.*, ¶6.)  At the direction of

Town officials, Big Star filed a use variance petition ("petition") to allow it to construct a storage facility on the Property. (*Id.*, ¶7.) Defendant Town of Highland Board of Zoning Appeals ("BZA") held a preliminary hearing on the petition on August 24, 2016. (*Id.*, ¶8.) On September 28, 2016, BZA held a public hearing at which Big Star submitted documentation and evidence in support of its petition. (*Id.*, ¶10-11.) Thereafter, BZA adopted a motion to forward an unfavorable recommendation to the Town Council pursuant to Indiana Code § 36-7-4-918.6. (*Id.*, ¶12.) At a meeting on November 14, 2016, the Town Council allegedly (1) considered an additional written remonstrance without allowing Big Star to be heard, (2) accepted the BZA's unfavorable recommendation, and (3) denied Big Star's petition without discussion or explanation. (*Id.*, ¶¶13-14.) The Complaint alleges that "the Town's actions have rendered the Property valueless as it is undevelopable," that the Town was aware of this when it denied Big Star's petition, and that the Town plans to acquire the Property for its own purposes. (*Id.*, ¶29.) The Complaint asserts three claims against Defendants: judicial review pursuant to Indiana Code §§ 36-7-4-1003 and 36-7-4-1016(a) and declaratory judgment (Count I); violation of procedural and substantive due process under 42 U.S.C. § 1983 (Count II); and inverse condemnation (Count III).

On January 4, 2017, Defendants filed a notice of removal of the case to federal court based on the Court's original

jurisdiction over Count II under 28 U.S.C. § 1331. (DE #1.) On January 25, 2017, Big Star moved to extend the time in which to file the record of the zoning proceedings on which its claims are based ("Extension Motion"). (DE #11.) On February 8, 2017, Defendants filed a partial motion to dismiss, seeking to dismiss Counts I and II and all Defendants except the Town ("Partial Motion to Dismiss"). (DE #17.) Defendants also filed a motion to dismiss Count II for lack of subject matter jurisdiction ("Motion to Dismiss Count II"). (DE #19.) Big Star subsequently filed a notice of filing of the record of the zoning proceedings, and on April 6, 2017, Defendants moved to strike that notice of filing ("Motion to Strike"). (DE #29.) The parties have fully briefed all four motions. The Court will first consider Defendants' Motion to Dismiss Count II.

DICUSSION

Motion to Dismiss Count II

Defendants argue that the Court lacks subject matter jurisdiction over Count II because it is not ripe for review. *See Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1002 (7th Cir. 2004) (ripeness is a prerequisite to the exercise of a federal court's subject matter jurisdiction). Motions to dismiss for lack of subject matter jurisdiction fall under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In considering

4

a Rule 12(b)(1) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," and may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted). The plaintiff bears the burden of demonstrating subject matter jurisdiction, and must "clearly allege facts that invoke federal court jurisdiction." *Sprint*, 361 F.3d at 1001. The Court "presume[s] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id*. (citation and internal quotation marks omitted).

Defendants argue that while Count II is labeled a due process claim, it is actually a mislabeled takings claim that is not ripe for review because Big Star has not exhausted its state remedies. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S. Ct. 3108, 87 L.Ed.2d 126 (1985), the United States Supreme Court set forth the ripeness requirements imposed on a claim that governmental action amounted to a taking of property: (1) there must be a "final decision" by the regulatory agency; and (2) the property owner must exhaust available state remedies for obtaining just compensation, including inverse condemnation proceedings, before filing in

5

federal court. *Id*. at 186, 196–97 (holding taking claim was premature where respondent had not shown state's inverse condemnation procedure was unavailable or inadequate). Under *Williamson*, "if a state provides adequate procedures for seeking just compensation, a property owner cannot state a takings claim in federal court until [it] has used these procedures and been denied just compensation." *Black Earth Meat Mkt., LLC v. Vill. of Black Earth,* 834 F.3d 841, 847 (7th Cir. 2016).

The parties do not dispute that the decision to deny Big Star's use variance petition was a final decision subject to judicial review.[1] Nor do they dispute that Big Star has not exhausted state remedies to obtain just compensation. Big Star filed its Complaint in state court seeking judicial review of Defendants' zoning decision, and asserting an inverse condemnation claim.[2] (Compl., Counts I & III.) Defendants removed the case to

---

[1] The Court notes that the parties disagree as to whether the BZA or the Town Council made the final decision to deny Big Star's petition. (*See* DE #23 at 5 ("final decisions of the board of zoning appeals on use variances 'are considered zoning decisions for purposes of this chapter and are subject to judicial review…'") (quoting Ind. Code § 36-7-4-1016(a)); DE #26 at 4 ("Under IC 36-7-4-918.6 and IC 36-7-4-1003(a), it is the Town Council's decision, not the BZA's recommendation, that is under review.").) Because Big Star does not satisfy *Williamson's* second requirement of exhausting state remedies, the Court need not resolve this issue.

[2] In Indiana, "[i]nverse condemnation is the process provided by statute that allows individuals to be compensated for the loss of property interests taken for public purposes without use of the eminent domain process." *Tornatta Investments, LLC v. Indiana*

6

federal court based on Count II of the Complaint, which alleges due process claims under 42 U.S.C. § 1983. (Compl., Count II). None of these claims have been adjudicated.

The disputed issue is whether Count II is actually a mislabeled taking claim. Big Star maintains that Count II is correctly labeled as procedural and substantive due process claims under 42 U.S.C. § 1983. As Big Star points out, there is "no general duty to exhaust state judicial or administrative remedies before pursuing an action under 42 U.S.C. § 1983." *Horsley v. Trame*, 808 F.3d 1126, 1129 (7th Cir. 2015) (citing *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 516, 102 S. Ct. 2557, 73 L.Ed.2d 172 (1982)). However, "labels do not matter"; "the *Williamson* [] exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim." *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 961 & n.33 (7th Cir. 2004) (citations omitted); *see Peters v. Village of Clifton,* 498 F.3d 727, 730 n.4 (7th Cir. 2007)(The "ripeness requirements of *Williamson* [] create a takings claim exception to *Patsy's* general requirement that exhaustion is not required in § 1983 suits.") (citation omitted). Thus, the Court must determine if Big Star's due process claims

---

*Dep't of Transp.*, 879 N.E.2d 660, 663 (Ind. Ct. App. 2008) (citations omitted); Ind. Code § 32-24-1-16.

are really takings claims in disguise. If they are, Count II is not ripe. *See Black Earth Meat Mkt.*, 834 F.3d at 847.

Defendants assert that Count II is actually a takings claim because it relies on the same facts as Big Star's inverse condemnation claim: that the Town deprived Big Star of any economically beneficial use of the Property by denying its use variance petition. Due process claims that concern the use of the property are "archetypal takings claims"; claims that allege deprivations of "interests independent of the property itself" are not takings claims. *Black Earth Meat Mkt.*, 834 F.3d at 848. Big Star does not identify an interest independent of the Property. *Cf. id.* (finding plaintiff's financing agreement with a third party and its liberty interest in slaughter to be "properly construed as (non-takings) procedural due process claims"). In defending the merits of its procedural due process claim, Big Star maintains that "the private interest that will be affected by the official action is rendering the property at issue completely valueless, as it is undevelopable under the current zoning scheme." (DE #23 at 6.) Big Star's inverse condemnation claim similarly alleges that "the Town's actions have rendered the Property valueless as it was undevelopable," a fact the Town was aware of when it "denied Big Star's Use Variance Application." (Compl. ¶29.) Because Big Star identifies the same property interest for its procedural due process and inverse condemnation claims, the procedural due

process claim is actually a takings claim. *See Black Earth Meat Mkt.,* 834 F.3d at 848 (holding that because "a property interest in the non-conforming use" and "the right to use the property for a slaughterhouse purpose" were "archetypal takings claims," due process claims with regard to these interests were not ripe).[3]

Moreover, Big Star's due process claims are based on the same conduct as its inverse condemnation claim. Count III alleges inverse condemnation based in part on the Town's decision to deny Big Star's use variance petition, and specifically incorporates the allegations in Count II. (Compl. ¶¶ 21, 29.) Where, as here, a plaintiff's due process claim asks the Court "to review the same conduct that resulted in an alleged taking, the exhaustion requirement applies with full force." *Jackson v. Vill. of W. Springs,* 612 F. App'x 842, 846 (7th Cir. 2015) (internal citations and quotation marks omitted); *see Macklin*, 361 F.3d at 961 (holding that *Williamson* required dismissal of procedural due process claim where alleged procedural flaws during a state agency's decision to

---

[3] In its response brief, Big Star indicates that its substantive due process claim is based on a "state-created property interest." (DE #23 at 7.) "[A] plaintiff who ignores potential state law remedies cannot state a substantive due process claim based on a state-created property right." *CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of* Glenmore, 769 F.3d 485, 488-89 (7th Cir. 2014) (citations omitted). "[R]egardless of how a plaintiff labels an objectionable land-use decision (*i.e.,* as a taking or as a deprivation without substantive or procedural due process), recourse must be made to state rather than federal court." *Id.* at 489 (citation omitted).

9

dredge a pond allegedly caused the destruction of property); *Forseth v. Vill. of Sussex*, 199 F.3d 363, 370 (7th Cir. 2000) (holding that a "'labeled' substantive due process claim" that fell within the framework for takings claims was subject to *Williamson*). Because the same facts underlie Big Star's claims for inverse condemnation and procedural and substantive due process, the due process claims are subject to *Williamson's* requirement to exhaust state remedies.

Big Star responds that Count II is not based on the effect of the Town's decision on the Property, but rather, on the Town's conduct in denying Big Star the opportunity to be heard. According to Big Star, the due process dispute is over the Town's handling of its use variance petition, not an attack on the way the decision affects the Property.[4] Big Star relies on the Complaint allegations that the Town Council (1) failed to discuss Big Star's petition at the November 14, 2016 council meeting, (2) failed to consider the petition in its study session, (3) accepted a written remonstrance in opposition to the petition, (4) denied Big Star an opportunity to respond to the remonstrance, and (5) denied the petition. (Compl. ¶¶13, 14; *see id.* ¶¶16, 21 (incorporating these allegations into Counts II and III).)

---

[4] The Court notes that Big Star's argument is belied by its assertion that the private interest at issue in its procedural due process claim is "rendering the property at issue completely valueless." (DE #23 at 6.)

In *Jackson v. Village of Western Springs*, 612 F. App'x 842 (7th Cir. 2015), the Seventh Circuit rejected a similar argument that the district court had misconstrued a procedural due process claim as a takings claim:

> This due-process claim, says Jackson, asserts that the Village disregarded local procedures and engaged in delay tactics. Yet we have consistently held that applying the label "procedural due process" does not absolve a litigant's obligation to first seek compensation in state court before turning to federal court. When a plaintiff's claim of a violation of procedural due process asks the federal courts to review the same conduct that resulted in an alleged taking, the "exhaustion requirement applies with full force." [*Macklin*, 361 F.3d at 961–62.] *Jackson's claim that the Village used an unfair process in reaching its zoning decisions is merely ancillary to, and not independent of, his takings claim.*

*Id*. at 846 (some citations omitted; emphasis added). Because the plaintiff did not pursue state remedies, his due process claim was unripe and subject to dismissal. *Id*.

Here, Big Star's allegation that the Town employed an unfair process in denying the use variance petition is not independent of its inverse condemnation claim; rather, the allegedly unfair process is "merely ancillary to, and not independent of," this claim. *Id.; see also Joseph Metz & Sons, Inc. v. Vill. of Lyons*, No. 01 C 0270, 2002 WL 243437, at *5 (N.D. Ill. Feb. 20, 2002) (finding a substantive due process claim fell within the framework of a takings claim where allegations of the improper adoption and execution of village ordinances and a conspiracy to deprive

11

plaintiffs of their substantive due process rights "clearly play second fiddle to th[e] one overriding concern" of preventing the condemnation of plaintiffs' land and businesses). Because Big Star has not exhausted its state remedies for the alleged due process violations committed by Defendants, its due process claims are not yet ripe for adjudication. The Court therefore dismisses Count II without prejudice for lack of subject matter jurisdiction.

Having dismissed Count II, the Court does not have original jurisdiction over the claims in the Complaint. Where a district court has "dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over remaining claims. 28 U.S.C. § 1367(c)(3). The Court finds that it would not be appropriate to exercise supplemental jurisdiction over Big Star's remaining claims. Therefore, it remands this case to the Lake Superior Court. *See Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011) (recognizing that "a district judge has discretion to relinquish supplemental jurisdiction and remand once the federal claim has dropped out" of a lawsuit).

Other Motions

The Court need not rule on the parties' other motions because they raise issues that are not material to the Court's decision to dismiss Count II. Moreover, Indiana state courts are better suited

to decide the state law issues raised in these motions. The Defendants' Partial Motion to Dismiss, Big Star's Extension Motion, and Defendants' Motion to Strike are denied as moot.

CONCLUSION

For the reasons set forth above, Plaintiffs' Extension Motion (DE #11) and Defendants' Partial Motion to Dismiss (DE #17) are **DENIED AS MOOT**, Defendants' motion to dismiss Count II (DE #19) is **GRANTED**, and Defendants' Motion to Strike (DE #29) is **DENIED AS MOOT**. Count II is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **REMAND** this case to Lake Superior Court for further proceedings.

**DATED: June 22, 2017**     **/s/ RUDY LOZANO, Judge**
                             **United States District Court**